UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BUFFALO LABORERS WELFARE
  FUND et al.,

                              Plaintiffs,

                                                                **DECISION AND ORDER**
              v.                                                       06-CV-400A

SIGNAL CONSTRUCTION COMPANY, LLC,

                              Defendant.

---

**I.    INTRODUCTION**

Pending before the Court is a motion (Dkt. No. 11) by non-party Iroquois Bar Corporation ("Iroquois") to quash an information subpoena served on it by plaintiffs Buffalo Laborers Pension Fund, Buffalo Laborers Security Fund, Buffalo Laborers Training Fund, Buffalo Laborers Welfare Fund, Laborers International Union of North America, Laborers' Local 210, and Thomas L. Panek. Plaintiffs' information subpoena, served pursuant to N.Y. CPLR 5223 and 5224, consists of 28 questions asking Iroquois about shared assets, shared management, or any other relationship that it may have with defendant Signal Construction Company, LLC ("Signal"). Iroquois wants the information subpoena quashed on the grounds that it is not the judgment debtor in this case and that plaintiffs lacked any reasonable basis to believe that a relationship exists between it and Signal.

Plaintiffs respond that they have met the standard for an information subpoena because they have information suggesting that Iroquois and Signal once shared an office address and telephone number. Plaintiffs also point to a prior case adjudicated by this Court, *Bricklayers and Allied Craftworkers Local Union No. 3 N.Y. Buffalo Chapter v. Signal Construction LLC*, No. 06-CV-798, in which both Signal and Iroquois were defendants and Iroquois asserted a relationship with Signal in its answer to Signal's cross-claim.

The Court held oral argument on October 20, 2011. For the reasons below, the Court denies Iroquois' motion.

## II.  BACKGROUND

This case concerns plaintiffs' ongoing effort to enforce a default judgment entered against Signal for violating terms of a collective bargaining agreement. On June 16, 2006, plaintiffs filed a complaint accusing Signal of failing to pay certain fringe benefit contributions, dues checkoffs, and political action committee contributions as required under a collective bargaining agreement that the parties had entered. Signal never answered the complaint or otherwise appeared in the case within the time required by Rule 12 of the Federal Rules of Civil Procedure ("FRCP"). On October 20, 2006, plaintiff requested an entry of default under FRCP 55(a). The Clerk of the Court filed an entry of default on October 25, 2006. On February 26, 2007, plaintiffs filed a motion for default judgment under FRCP 55(b). The Court granted that motion and entered default judgment against

Signal on March 14, 2007.  The judgment was in the amount of $21,219.38 including fringe benefit contributions, dues checkoffs, political action committee contributions, and a bond to ensure future such payments.

Plaintiffs spent several years thereafter trying to enforce the judgment against Signal, because Signal apparently ceased operations.  During this time, plaintiffs learned several pieces of information that indicated to them that Signal may have transferred assets to Iroquois that would be subject to the default judgment.  Plaintiffs claim to have spoken to an unnamed employee of Iroquois who told them that Signal changed its name to Iroquois.  Plaintiffs learned that Signal and Iroquois shared an office address and a telephone number at some point in time, a fact that Iroquois did not directly deny at oral argument even though it asserted that the fact was taken out of context.  Additionally, plaintiffs discovered that Iroquois' answer to Signal's cross-claim in the prior case contained an admission that "Defendant Thomas Saia and/or Defendant Iroquois Bar Corp. made payments to M&T Bank in connection with a loan, and assisted Signal Construction, LLC and/or Kenneth W. Peterson in addressing debt as a courtesy to Mr. Peterson and Signal Construction, LLC."  (Case No. 06-CV-798, Dkt. No. 32 ¶ 8.)  Signal's cross-claim in that case contained the following assertions:

> Defendant Iroquois Bar Corporation ("Iroquois") was formed in the late 1990's.  Defendant Kenneth Peterson was a 10% owner of Iroquois.  By the end of 2004, Peterson had relinquished his

>ownership interests in Iroquois, and defendant Thomas Saia ("Saia") became the sole shareholder.
>
>In 2001, Peterson, Saia, and Ralph G. Laraiso formed defendant Signal Construction LLC ("Signal"). Peterson owned 62% of the membership shares, and Saia and Laraiso each owned 18% of the membership shares. These ownership interests have remained the same to today. Upon information and belief, Saia was and is an officer of Signal.
>
>Signal became involved in a substantial project to renovate several Buffalo schools ("school project"). Phase 1 of the school project was successfully completed at the end of 2004. Phase 2 of the school project was scheduled to begin in early 2005; however, that phase of the project stalled. This forced Signal to search for new work.
>
>During 2005, Signal was not generating enough cash to pay its bills as they came due. In order to complete its projects and pay its creditors, Signal agreed to a joint checking agreement, assigned its current contracts to Iroquois, and had all of its new contracts rewritten for Iroquois to complete.
>
>In exchange for Signal's assignment of the contracts, Iroquois agreed to complete the projects assigned to it by Signal, pay off Signal's debts as it completed Signal's projects, and Peterson relinquished all of his control over Signal to Saia.

(Case No. 06-CV-798, Dkt. No. 28 ¶¶ 19–23.)

The information that plaintiffs found during their investigation led them to serve Iroquois with an information subpoena pursuant to FRCP 69 and NY CPLR 5223 and 5224. The information subpoena asked 28 questions pertaining to the relationship between Signal and Iroquois, including whether Signal and Iroquois shared assets and management. Iroquois notified plaintiffs that it refused to respond to the information subpoena because it appeared to be addressed to the judgment debtor in this case, and Iroquois was neither the judgment debtor nor a named defendant. On August 12, 2011, plaintiffs made a motion to compel

4

Iroquois to answer the information subpoena.  On August 15, 2011, the Court granted plaintiffs' motion to compel in part, giving Iroquois 30 days either to answer the information subpoena or to file a motion to quash.

In accordance with the Court's order, Iroquois filed the pending motion to quash on September 19, 2011.  Iroquois asserts that it is neither the judgment debtor nor a named defendant in this case, and that the information subpoena is a "back-door" attempt to treat it as a judgment debtor and to extract admissions accordingly.  Iroquois asserts further that the information that plaintiffs have gathered so far about anonymous employee comments, shared office addresses, and shared office telephone numbers does not suffice to satisfy the reasonable basis standard for serving an information subpoena.  Finally, Iroquois discounts any statements made in the prior case on the grounds that they were mere assertions in pleadings that never were tested for their evidentiary value.  Plaintiffs counter Iroquois' arguments by arguing that the standard for serving an information subpoena is low, and that the information available so far gives them at least some reason to believe that the relationship between the Signal and Iroquois should be explored further.

III.   **DISCUSSION**

Plaintiffs' motion is a specific application of FRCP 69.  "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the

judgment debtor—as provided in these rules or by the procedure of the state where the court is located." FRCP 69(a)(2); *see also Plunket v. Estate of Doyle*, No. 99 Civ. 11006, 2009 WL 73146, at *2 (S.D.N.Y. Jan. 12, 2009) ("Federal Rule of Civil Procedure 69(a) ('Rule 69'), provides a mechanism for parties to seek the Court's aid in executing its judgments . . . . A federal court has an inherent power to enforce its judgments.") (internal quotation marks and citations omitted).

For discovery under FRCP 69, plaintiffs have chosen the particular method of an information subpoena available under state law. "At any time before a judgment is satisfied or vacated, the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon *any person* a subpoena . . . ." N.Y. CPLR 5223 (emphasis added). "[I]nformation subpoenas, *served on an individual or entity other than the judgment debtor*, may be served on an individual, corporation, partnership or sole proprietorship only if the judgment creditor or the judgment creditor's attorney has a reasonable belief that the party receiving the subpoena has in their possession information about the debtor that will assist the creditor in collecting his or her judgment." N.Y. CPLR 5224 (emphasis added).

These two provisions of state law make explicit that a judgment creditor looking for assets to satisfy a judgment can serve an information subpoena on anyone at all, as long as the judgment creditor reasonably believes that the subpoena will help. *See also Technology Multi Sources, S.A. v. Stack Global*

*Holdings, Inc.*, 845 N.Y.S.2d 357, 358 (App. Div. 2007) ("CPLR 5223 compels disclosure of all matter relevant to the satisfaction of the judgment.  A judgment creditor is entitled to discovery from either the judgment debtor or a third party in order to determine whether the judgment debtor [ ] concealed any assets or transferred any assets so as to defraud the judgment creditor or improperly prevented the collection of the underlying judgment.") (alteration in the original) (internal quotation marks and citation omitted); *cf. Gryphon Domestic VI, LLC v. GBR Info. Servs., Inc.*, 815 N.Y.S.2d 65, 66 (App. Div. 2006) (holding that a third party that managed a judgment debtor's assets "may be subpoenaed to produce documents pertinent to the possible sale of those assets") (citation omitted).  Here, plaintiffs appear to have uncovered, and Iroquois has not denied, that a period of time existed when Signal and Iroquois had an office address and an office telephone number in common.  Additionally, there appears to be some indication that either Signal changed names to Iroquois, as plaintiffs' unnamed source suggested, or that Signal and Iroquois have shared management and finances in the past, as the pleadings from the prior case set forth explicitly.  Iroquois is correct that any assertions from pleadings in the prior case do not necessarily have evidentiary value or preclusive effect for this case.  Making that argument, however, misses the point.  Plaintiffs do not need admissible evidence or *res judicata* protection to serve an information subpoena; they need only a "reasonable basis" for believing that the information subpoena will help.  To that

end, if Signal and Iroquois themselves have stated in the past for their own interests that they shared management and finances then plaintiffs have acted reasonably in seeking to explore those statements further.

As part of their opposition to Iroquois' motion, plaintiffs have asked for costs and fees related to the litigation over the motion. The Court denies the request for costs and fees without prejudice because its prior Order of August 15, 2011 gave Iroquois an opportunity to make the motion if it wished.

## IV.   CONCLUSION

For all of the foregoing reasons, the Court denies Iroquois' motion (Dkt. No. 11). Iroquois shall serve its answer to the information subpoena on or before December 2, 2011.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: October 24, 2011